E-FILED
Thursday, 28 August, 2014  01:58:01 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 06-30062 |
| ) | |
| JERRAD A. PRUITT, ) | |
| ) | |
| Defendant. ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

Defendant Jerrad A. Pruitt requested early termination of his supervised release.  <u>See</u> Letters (d/e 27, 28).  The Government objected to the request.  The U.S. Probation Office took no position.

Following a hearing on August 26, 2014, the Court denied the request.  The Court now sets forth the reasons for denying Mr. Pruitt's request for early termination of supervised release.

### I. BACKGROUND

In August 2006, an Information was filed charging Mr. Pruitt with conspiracy to distribute a controlled substance (cocaine) from at least June 2000 and continuing until at least October 2003.

See d/e 1. Mr. Pruitt waived indictment and entered a plea of guilty pursuant to a plea agreement. See August 23, 2006 Minute Entry.

The Probation Office prepared a Presentence Investigation Report (PSR) (d/e 22). The PSR contains the details of the offense conduct. Essentially, Mr. Pruitt was part of a large conspiracy to distribute cocaine.

The PSR held Mr. Pruitt accountable for 5.9 kilograms of cocaine and 16.8 kilograms of marijuana. He had one prior drug conviction. Mr. Pruitt had a total offense level of 29 and a criminal history category of III, which resulted in a guideline range of 108 to 135 months. The mandatory minimum was 60 months. Mr. Pruitt was eligible for a term of supervised release of at least four years under the statute and four to five years pursuant to the Sentencing Guidelines.

At the May 2007 sentencing hearing, the Government recommended, and United States District Judge Jeanne Scott accepted, a downward departure based on Mr. Pruitt's substantial assistance. Judge Scott also noted that Mr. Pruitt's criminal history category was overrepresented and that his criminal record

warranted a category of II. Judge Scott further recognized the defendant's voluntary withdrawal from the conspiracy three years prior to being charged (see U.S.S.G. § 5K2.0 ("Other Grounds for Departure")). Statement of Reasons for Imposing Sentence (d/e 21). Judge Scott sentenced Mr. Pruitt to 72 months' imprisonment and four years of supervised release. She did not impose a fine or restitution.

The conditions of Mr. Pruitt's supervised release included the standard conditions and the following special conditions:

> 1. The defendant shall refrain from any use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician. He shall, at the direction of the Probation Office, participate in a program for substance abuse treatment including not more than six tests per month to determine whether he has used controlled substances and/or alcohol. He shall pay for these services as directed by the probation officer.
>
> 2. The defendant shall obtain and maintain employment.
>
> 3. If the defendant is unemployed after the first 60 days of supervision, or if unemployed for 60 days after termination or lay-off from employment, he shall perform at least 20 hours of community service work per week at the direction of and in the discretion of the U.S. Probation Office until gainfully employed.

Mr. Pruitt was released to a halfway house in April 2012 and began his term of supervised release on August 21, 2012. Mr. Pruitt's letters mistakenly refer to February 2012 as the date Mr. Pruitt began his term of supervised release.

On February 28, 2014, Mr. Pruitt wrote a letter to the Court asking for early termination of his supervised release. See d/e 27. Mr. Pruitt asserts that he wants to put his past mistakes behind him and start from a clean slate. Mr. Pruitt explains that in the years prior to his arrest, he had taken steps to successfully remove himself from all criminal activity. However, he recognized that he was responsible for the choices he made in the past and accepted his sentence. Mr. Pruitt claims that while serving his time in prison, he was a model inmate, going out into the community and volunteering. Mr. Pruitt asserts that upon his release, he found it easy to transition back into normal life. He is an engineer for a medical company, has bought a home, and recently became engaged. Defendant writes: "I am confident that once you look into my behavior preceding my arrest up to today you will see that I am truly deserving of this." See d/e 27.

On August 18, 2014, Mr. Pruitt sent another letter asking for early release from supervised release. See d/e 28. Mr. Pruitt married his wife Megan in May 2014, and they plan to start a family in the near future. Mr. Pruitt notes that the current requirements of his supervised release are minimal and he asks to be relieved of those requirements early. See d/e 28.

## II. LEGAL STANDARD

Pursuant to 18 U.S.C. § 3583, the Court may grant early termination of supervised release at any time after the expiration of one year if, after considering certain factors set forth in 18 U.S.C. § 3553, the court finds that "such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). The factors that must be considered are:

- the nature and circumstances of the offense and the characteristics of the defendant (18 U.S.C. § 3553(a)(1));

- the need for the sentence imposed to afford adequate deterrence to criminal conduct (18 U.S.C. § 3553(a)(2)(B));

- the need for the sentence imposed to protect the public from further crimes of the defendant (18 U.S.C. § 3553(a)(2)(C));

- the need to provide the defendant with needed educational or vocational training, medical care, or other correctional

> treatment in the most effective manner (18 U.S.C. § 3553 (a)(2)(D));

- the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant and any pertinent policy statements issued by the Sentencing Commission (18 U.S.C. § 3553(a)(4), (a)(5));

- the need to avoid unwarranted sentencing disparities (18 U.S.C. § 3553 (a)(6)); and

- the need to provide restitution to any victims of the offense (18 U.S.C. § 3553(a)(7)).

The defendant bears the burden of demonstrating that early termination is warranted. United States v. Coney, No. 08-324, 2013 WL 5701081, at *1 (E.D. Wis. Oct. 18, 2013).

Whether to grant a motion for early termination of supervised release is entirely within the discretion of the district court. United States v. Temple, 464 F. App'x 541, 544 (7th Cir. 2012). However, the district judge must give some indication that she considered the relevant statutory factors. Id. The Court need not make explicit findings on each of the relevant factors, but the record must reveal the court gave consideration to the § 3553(a) factors. United States v. Lowe, 632 F.3d 996, 998 (7th Cir. 2011) (reversing the denial of a motion for early termination of supervised release

where the district court did not consider the proper statutory factors and the Government and probation office did not object to the motion).

A hearing is not required if the person waives the hearing <u>or</u> the relief sought is favorable to the person and does not extend the term of supervised release <u>and</u> an attorney for the Government has received notice of the relief sought, has had a reasonable opportunity to object, and has not done so. Fed.R.Crim.P. 32.1(c)(2). Moreover, the Seventh Circuit has held that a hearing is not required before denying a request for modification. <u>See</u> <u>United States v. Nonahal</u>, 338 F.3d 668, 671 (7th Cir. 2003); <u>see</u> also <u>United States v. Reagan</u>, 162 F. App'x 912, 913 (11th Cir. 2006) (finding that no hearing was required before the district court denied a request for early termination of supervised release).

### III. ANALYSIS

In this case, Mr. Pruitt meets the initial requirement – he has been on supervised release for at least one year. Therefore, the Court must determine whether Mr. Pruitt's conduct and the interests of justice warrant termination. This determination

requires an examination of the relevant § 3553 factors identified in 18 U.S.C. § 3583(e).

Having considered those factors, the Court denies the request. Mr. Pruitt is to be commended for the progress he has made. He is employed, recently married, and has complied with all of the terms of supervision. However, early termination of supervised release is not warranted at this time. Given the nature of the offense, continued supervision is necessary to deter further violations of the law and to avoid unwarranted disparities with other offenders convicted of the same offense. See United States v. Mitchell, Case No. 03-194, 2013 WL 4763966, at *2 (E.D. Wis. Sept. 4, 2013) (denying request for early termination of supervised release where the defendant was "on the right track" but continued supervision was necessary to protect the public, deter further violations of the law, and avoid unwarranted disparity).

Supervision is part of the success in transitioning from prison. Mr. Pruitt is in the middle of that transition. Moreover, the conditions of supervised release are not onerous and are not impairing Mr. Pruitt in any manner.

The Court also notes that many district courts and other Courts of Appeals have held that the conduct of the defendant necessary to justify early termination should include something more than just following the rules of supervision, such as "new and unforeseen circumstances, or where the defendant's behavior has been exceptionally good." United States v. O'Hara, No. 00-170, 2011 WL 4356322, at *3 (E.D. Wis. Sept. 16, 2011) (citing cases); United States v. Laine, 404 F. App'x 571, 573-74 (3rd Cir. 2010) (generally requiring exceptional or extraordinary reason for early termination of supervised release; compliance with the conditions of supervised release is not exceptional or extraordinary). Mr. Pruitt has not identified any new, unforeseen, or exceptional circumstances that warrant early termination.

## IV. CONCLUSION

For the reasons stated, Defendant Jerrad A. Pruitt's request for early termination of supervised release (d/e 27, 28) is DENIED without prejudice and with leave to refile in six months. The Clerk of the Court is DIRECTED to mail a copy of this Opinion to Mr. Pruitt.

ENTER: August 28, 2014

FOR THE COURT:

                                                <u>s/Sue E Myerscough</u>
                                                SUE E. MYERSCOUGH
                                                UNITED STATES DISTRICT JUDGE